ROBERT W. FREEMAN, ESQ.
Nevada Bar No. 03062
Email: Robert.Freeman@lewisbrisbois.com
GREGORY S. BEAN, ESQ.
Nevada Bar No. 12694
Email: Gregory.Bean@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD SCHNEIDER,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES I - V and ROES VI - X, inclusive;<br><br>Defendants. | CASE NO.:<br><br>PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441 (B)<br><br>(Diversity Jurisdiction) |

Pursuant to 28 U.S.C.§ 1441 (b), Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, files this Petition for Removal of Clark County District Court Case No. A-14-708329-C styled Richard Schneider v. State Farm Mutual Automobile Insurance Company, and states as follows:

1. On October 9, 2014, an action was commenced in the Eighth Judicial District Court, Clark County, State of Nevada, entitled Richard Schneider v. State Farm Mutual Automobile Insurance Company, Case No. A-14-708329-C ("State Court Action"). Copies of the Complaint ("State Court Complaint"), Summons, and Proof of Service are attached hereto and marked respectively as Exhibits A, B, and C, constituting all of the

1. papers and pleadings served on Defendant State Farm.

2. Service of the Summons and Complaint upon Defendant State Farm was made by the Division of Insurance on October 21, 2014.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant State Farm pursuant to the provisions of 28 U.S.C. § 1441 (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is appropriate in the unofficial Southern District of the Court pursuant to 28 U.S.C. §§ 1393 (b)(2) and (c), 1441 (a); and LR IA6-1.

5. In the State Court Action, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Complaint in this action contains allegations that State Farm failed to meet its contractual obligations to Plaintiff arising from several insurance contracts and that such actions constitute bad faith, for which Plaintiff seeks to recover general as well as punitive damages.[1] Plaintiff alleges he suffered "serious, permanent, and debilitating" bodily injury as a result of the subject accident that have caused "a loss of enjoyment of life [and] great pain and suffering of mind and body." He alleges his claim warrants full payment of $100,000 in underinsured policy limits, $50,000 from each of two different policies. Plaintiff asserts that his personal injury claim is worth "at least $250,000." Plaintiff's Complaint also seeks extra-contractual damages related State Farm's actions on separate counts of bad faith and unfair trade practices. He seeks in excess of $10,000 for each separate count of wrongdoing. Further, Plaintiff asserts that State Farm's actions rose to the level of

---

[1] There are several cases analogous to this one in which a jury verdict of punitive damages support a finding in this case that Plaintiff's claimed damage amounts could exceed $75,000. *See*, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (U.S. 1991)(affirming nearly $1 million punitive damages award over insurer's mishandling of $4,000 medical claim); *Banker's Life & Cas. Co. v. Crewnshaw*, 486 U.S. 71 (U.S. 1988)(affirming punitive damages award of $1.6 million arising out of insurer's failure to pay a $20,000 medical claim).

oppression, or malice, subjecting the Plaintiff to extreme physical, mental, and emotional distress. Plaintiff alleges actions by State Farm entitle him to punitive damages on two separate counts in excess of $10,000.[2] Thus, Plaintiff prays for general and special damages, punitive damages, and attorney's fees and costs in excess of an aggregate $140,000 on the face of the complaint alone.

A defendant's duty is not to prove by a preponderance of the evidence that the plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, 2010 U.S. Dist. LEXIS 85073 (Nev. 2010). In other words, the amount in controversy is satisfied when the plaintiff's potential gain exceeds the jurisdictional limit. *Id.* The pertinent question the Court is to ask is whether or not plaintiff is likely to ask a jury for an amount above $75,000.00. *Canonico v. Seals*, 2013 U.S. Dist. LEXIS 60047 (Nev. 2013). As such, the appropriate figure to use in determining whether State Farm has presented adequate evidence to establish the amount in controversy is not the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims considering all of the allegations and all the asserted damages. If State Farm can show by a preponderance of evidence that (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to award Plaintiff full recovery, that award would be over the jurisdiction threshold, then jurisdiction with the Federal Court should remain. As such, it is apparent from the type of damages alleged in the Complaint that the amount in controversy is in excess of $75,000,

---

[2] There are several cases analogous to this one in which a jury verdict of punitive damages support a finding in this case that Plaintiff's claimed damage amounts could exceed $75,000. *See, Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (U.S. 1991)(affirming nearly $1 million punitive damages award over insurer's mishandling of $4,000 medical claim); *Banker's Life & Cas. Co. v. Crewnshaw*, 486 U.S. 71 (U.S. 1988)(affirming punitive damages award of $1.6 million arising out of insurer's failure to pay a $20,000 medical claim). *Julie Gourley v. State Farm Mutual Ins. Co.*, 1987 Nat. Jury Verdict Review LEXIS 622 (Cal. 1987)(awarding $1.5 million punitive damages award over insurer's mishandling of a $15,000 medical claim); *Fortimil Pierre-Louis v. Colonial Ins. Co.*, 1989 FL Jury Verdicts Rptr. LEXIS 2862 (Fla. 1989)(awarding $1 million in punitive damages based on the denial of a $2,500 medical claim).



exclusive of interest and costs, and that State Farm has satisfied the jurisdictional threshold.

6. Defendant State Farm is informed and believes that Plaintiff was, at the time of filing of the State Court Action, and still is, a resident of Clark County, State of Nevada. State Farm is a corporation organized and existing under the laws of the State of Illinois, with its principal places of business in Bloomington, Illinois.

7. Based on the foregoing, Defendant State Farm respectfully submits that (a) there is diversity of citizenship between Plaintiff and Defendant State Farm and (b) the amount in controversy exceeds $75,000.00. This action is, therefore properly removed to the United States District Court for the Northern District of Nevada.

DATED this __19__ day of November, 2014.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
ROBERT W. FREEMAN, ESQ.
Nevada Bar No. 3062
GREGORY S. BEAN, ESQ.
Nevada Bar No. 12694
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP, and that on this 19 day of November, 2014, I did cause a true and correct copy of **PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441 (B) (Diversity Jurisdiction)** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System.

Jesse M. Sbaih, Esq.
Ines Olevic-Saleh, Esq.
JESSE SBAIH & ASSOCIATES, LTD.
The District at Green Valley Ranch
170 S. Green Valley Pkwy, Suite 280
Henderson, NV 89012
FAX: 702-896-0529
E-MAIL: jsbaih@sbaihlaw.com
*Attorneys for Plaintiffs*

By _____
An employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

4838-7775-4912.1

5