UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Richard Schneider,<br><br>  Plaintiff<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company,<br><br>  Defendant | 2:14-cv-01932-JAD-CWH<br><br>**Order Denying Plaintiff's Motion for Partial Summary Judgment and Granting Summary Judgment in Favor of Defendant**<br><br>[ECF Nos. 28, 31] |

  In this coverage dispute, Richard Schneider sues his insurer, State Farm Mutual Automobile Insurance Company, alleging that State Farm unlawfully denied his claim for stackable underinsured/uninsured motorist ("UM") benefits after he sustained serious injuries in an October 2013 accident with an underinsured motorist. Schneider moves for summary judgment on his breach-of-contract claim,[1] and State Farm countermoves for summary judgment on all of Schneider's claims. Because Schneider's policy contains an anti-stacking provision that complies with Nevada's statutory requirements, he is not entitled to stack UM benefits from multiple policies and State Farm is entitled to summary judgment. I therefore deny Schneider's motion, grant State Farm's countermotion, and direct the Clerk of Court to enter judgment in favor of the defendant and close this case.[2]

**Background**

  Schneider was in a car accident on October 30, 2013.[3] At the time of the accident, Schneider

---

[1] Schneider also moves for summary judgment on his fourth claim for declaratory relief. Declaratory relief is a remedy, not a separate cause of action. But, as pled, Schneider's declaratory-relief claim is more accurately construed as a prayer for declaratory relief as a remedy for the alleged contract breach, ECF No. 1-1 at 7–8, and it rises and falls along with the contract claim itself. So I do not address it separately.

[2] I find these motions suitable for disposition without oral argument. L.R. 78-2.

[3] ECF No. 1-1 at 3.

held three separate policies with State Farm; each insured a different vehicle. The Chevy Policy (which insured the Chevy Tahoe that Schneider was driving the day of the accident) and the Pontiac Policy each provided $50,000/$100,000 in UM benefits for a $52.38 premium, and the Honda Policy provided the same UM benefits for a $82.30 premium.[4] The Chevy Policy includes an anti-stacking provision.[5]

Schneider claims that the driver who hit him maintained inadequate insurance to fully compensate him for his personal-injury claim, which he asserts is worth at least $250,000.[6] On July 1, 2014, State Farm paid Schneider the $50,000 in UM benefits available under the Chevy Policy.[7] But, despite Schneider's repeated requests, State Farm has denied Schneider's claim for stackable UM coverage under the Pontiac and Honda Policies.[8]

Schneider asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair-claim practices, and declaratory relief. Schneider now moves for summary judgment on his breach-of-contract and declaratory-relief claims, arguing that State Farm's anti-stacking provision is void under NRS § 687B.145(1) and he is therefore entitled to the $100,000 in additional UM benefits collectively available under the Honda and Pontiac Policies.[9] State Farm countermoves for summary judgment on all of Schneider's claims, arguing that its anti-stacking provision complies with the requirements of NRS § 687B.145(1), so it is enforceable and Schneider is not allowed to stack the policies, thus, all of his claims fail as a matter of law.[10]

---

[4] *Id.* at 4–5.

[5] ECF No. 31-2 at 53.

[6] *Id.* In his motion for partial summary judgment, Schneider represents that he received the $15,000 limit from the underinsured motorist's insurer. ECF No. 28 at 4.

[7] *Id.* at 5.

[8] *Id.*

[9] ECF No. 28 at 2–3.

[10] ECF No. 31 at 1–2.

**Discussion**

**A.  Summary-judgment standards**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[11]  When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[12]  If reasonable minds could differ on the material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[13]

If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[14]  The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[15]

**B.  Nevada's anti-stacking law**

Anti-stacking provisions are designed to prevent insureds from combining their coverage limits on separate policies or automobiles.[16]  NRS § 687B.145(1) authorizes anti-stacking provisions in insurance contracts if three conditions are met:[17] the anti-stacking clause is (1) prominently

---

[11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[12] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[13] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[14] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[15] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

[16] *Nationwide Mut. Ins. Co. v. Coatney*, 42 P.3d 265, 266 n. 1 (Nev. 2002).

[17] *Bove v. Prudential Ins. Co. of America*, 799 P.2d 1108, 1110 (Nev. 1990).

displayed and (2) sufficiently clear, and (3) the insured cannot "have purchased separate coverage on the same risk nor paid a premium calculated for full reimbursement under that coverage."[18] The insurer bears the burdens of persuasion and production on compliance with these requirements.[19]

Only the third requirement—the prohibition against full double premiums—is at issue in this case.[20] This requirement can be met by showing that a different UM premium amount was charged for each separate policy (thus showing that each policy covered a separate and unique risk)[21] or that the insured received a discount for the anti-stacking provision.[22] The Nevada Supreme Court held in *Serrett v. Kimber* that a conclusory, unsupported affidavit from an insurer employee will not support summary judgment.[23] But it acknowledged eight hears later in *Nationwide Mutual Insurance*

---

[18] *Id.*; *see also Torres v. Farmers Ins. Exch.*, 793 P.2d 839, 842 (Nev. 1990).

[19] *Torres*, 793 P.2d at 843.

[20] Schneider briefly argues that a pop-up on his State Farm account page stated that his policies *were* stackable, so even if the anti-stacking provisions contained in his policies comply with Nevada statutory requirements, he is nonetheless entitled to recover additional UM benefits per the terms of the pop-up, which amended his insurance contracts. ECF No. 28 at 14.

I decline to consider the purported pop-up as part of Schneider's insurance contracts (even assuming he could offer extrinsic evidence of their meaning) because the pop-up is not properly authenticated, ECF No. 28-1 at 55, nor is Schneider's deposition testimony purportedly authenticating it and describing it, ECF No. 28-1 at 75 (no signed reporter's certificate). Schneider attaches these exhibits to his reply brief, too, but they are not properly authenticated there either. ECF No. 33-1 at 2, at 22. In the face of State Farm's authentication challenge, Schneider baldly responds that State Farm failed to provide evidence proving that the pop-up print-off is not authentic, so it is admissible. ECF No. 33 at 6. Without his deposition testimony, Schneider has laid no foundation for the pop-up. And the pop-up exhibit itself bears no independent indicia that it is what Schneider claims. Because Schneider has failed to offer "evidence sufficient to support a finding that the matter in question is what its proponent claims," Fed. R. Evid. 901(a), I decline to consider the pop-up exhibit.

[21] *See Farmers Ins. Exch. v. Lawless*, 680 F. Supp. 2d 1238, 1243 (D. Nev. 2010) (finding that insurer met its burden to show the third requirement was satisfied because insured "calculated different UIM premium amounts for each vehicle because each was a separate and unique risk.").

[22] *Jackoby v. GEICO General Ins. Co.*, No. 3:11-cv-0307, 2012 WL 3598817 (D. Nev. Aug. 20, 2012) (overruled on other grounds by *Jackoby v. GEICO General Ins. Co.*, 596 Fed. Appx. 544 (9th Cir. 2015)).

[23] *Serrett v. Kimber*, 874 P.2d 747, 751 (Nev. 1994).

*Company v. Coatney,* that the testimony of an actuary, who opines that the plaintiff purchased separate UM coverage for distinct risks on each vehicle and that the premiums were calculated to reflect the different UM risks and corresponding coverage amounts on each vehicle, was sufficient proof to satisfy the statute and obtain summary judgment.[24]

**C. State Farm has carried its burden to show that Schneider did not pay full double or triple premiums because each UM coverage premium covered a separate and unique risk and Schneider received an anti-stacking discount.**

As evidence that he did not receive an anti-stacking discount, Schneider points out that none of his declaration pages for the three policies indicates that he received an anti-stacking discount on his UM premiums, and he maintains (as also stated in several demand letters to State Farm) that State Farm is required to provide "actual evidence consisting of an affidavit of an actuary concerning the method of calculating [UM] premiums in Nevada and actuarial tables and a summary of the model State Farm used for [UM] premium pricing."[25]  He also points out that he actually paid a higher premium for the Honda policy than for the other two policies.[26]

To show that Schneider did not pay full premiums for uninsured motorist coverage for all three vehicles, State Farm offers the affidavit of Steven Harr, Assistant Vice President and Actuary with State Farm's Auto Pricing Department,[27] who testifies that Schneider purchased separate UM coverage for distinct risks on each vehicle, that he received a multiple-vehicle policy discount, and that these premiums were designed to prevent duplicate payments under the UM portion of the policies.[28]  Attached to Harr's affidavit is a table showing how Schneider's charged premiums were calculated and what his premiums would have been had he not received a "multiple coverage factor"

---

[24] *Coatney*, 42 P.3d at 268 (reversing grant of summary judgment for insurer).

[25] ECF No. 28 at 8.

[26] ECF No. 32 at 7.

[27] ECF No. 31-2 at 25–26.

[28] *Id.*

discount.[29] This table also reflects that both the regular and discounted rates for UM coverage for the Honda were significantly more expensive than for the other two vehicle policies, presumably because the Honda is a motorcycle.[30] State Farm also offers Schneider's insurance applications, which reflect that the quoted premium for UM coverage is a "multi-cov rate."[31]

Schneider argues that Harr's affidavit is insufficient because *Coatney* requires the insurer's actuary to provide corroborating documentation, and without that back-up material, the actuary's affidavit fails under *Serrett*.[32] But Schneider overreads *Coatney*. *Coatney* does not require an insurance company to provide actuarial tables and a summary of the model it used for UM premium pricing. The *Coatney* court simply found that the evidence the insurer provided in that case, which included actuarial tables and a summary of the model the insurer used for UM premium pricing, was sufficient.[33] Notably, in its analysis, the court cited only to the actuary's affidavit in holding that the insurance company carried its burden to show that the plaintiffs had purchased UM coverage for distinct risks on each vehicle, so the insurer's anti-stacking provision did not violate NRS § 687B.145(1)'s prohibition against full double premiums.[34]

State Farm has similarly carried its burden to show that its anti-stacking policy complies with NRS § 687B.145(1), including its prohibition against full double or triple premiums.[35] It is undisputed that Schneider paid approximately $52 each in premiums for UM coverage on the Chevy

---

[29] *Id.* at 27.

[30] *Id.*

[31] ECF No. 31-1 at 4, 6, and 8.

[32] ECF No. 32 at 12–14.

[33] *Coatney*, 42 P.3d at 266.

[34] *Id.* at 268.

[35] *See Jackoby*, 2012 WL 3598817, at *3 (holding that GEICO met its burden to show that its insured did not pay full double premiums because the insured "was charged a reduced value for each successive auto policy with Geico.").

Tahoe and the Pontiac Solstice,[36] and a premium of approximately $82 for UM coverage on the Honda motorcycle.[37] The table attached to the actuary's affidavit shows an identical base rate for UM premiums for all three vehicles.[38] That identical rate is first multiplied based on the identical policy limits for all three policies, resulting in an adjusted premium rate of $93.48 per vehicle. The chart next reflects that, while the SUV and car received vehicle-safety discounts reducing the UM premiums on those vehicles to $65.44, the Honda motorcycle did not; it increased the premium rate by 1.1% for an adjusted premium of $74.78.[39] Finally, all three policies included a "multiple coverage factor" discount of 7–8%, resulting in identical premiums for the two fully enclosed vehicles and a higher (though still-discounted) premium for the motorcycle.[40] The record thus reflects that State Farm calculated different UM premium amounts for each vehicle because each was a separate and unique risk, as Harr also explains in his affidavit. I therefore find that State Farm has carried its burden to show that its anti-stacking provision satisfies Nevada's statutory requirements and is thus enforceable. That policy provision precludes Schneider from stacking his UM benefits, and Schneider has failed to produce any evidence to the contrary. Because I find no genuine dispute that Schneider is not entitled to recover the UM benefits under the Pontiac and Honda policies, all of his claims fail as a matter of law and State Farm is entitled to summary judgment.

---

[36] ECF No. 31-2 at 30; ECF No. 1-1 at 4–5.

[37] ECF No. 31-2 at 27; ECF No. 1-1 at 5.

[38] ECF No. 31-2 at 27.

[39] *Id.*

[40] *Id.*

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that **Schneider's motion for partial summary judgment [ECF No. 28] is DENIED, and State Farm's countermotion for summary judgment [ECF No. 31] is GRANTED.**

The Clerk of Court is instructed to enter judgment for defendant State Farm and against Schneider and to CLOSE THIS CASE.

Dated this 26th day of August, 2016

_____
Jennifer A. Dorsey
United States District Judge